UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 3:17-CR-110 JD |
| | ) | |
| SHAWN DEWITT | ) | |

## OPINION AND ORDER

Defendant Shawn Dewitt proceeded to a jury trial on the indicted charges of distribution of child pornography on or about November 27, 2017 (count 1); coercion of a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct on or about November 21, 2017 (count 2); and, possession of child pornography on or about November 28, 2017 (count 3), in the Northern District of Indiana. At the close of the government's case in chief, the defense moved for judgment of acquittal on counts 1 and 3 pursuant to Federal Rule of Criminal Procedure 29, while acknowledging that no legitimate grounds existed for making such a motion with respect to count 2.

As to count 1, the defense argued that the jury was left with insufficient evidence to determine whether the females in the visual depictions were minors, as opposed to young adults, because no expert testimony was offered on this point. As to count 3, the defense argued that by failing to introduce the photographs in their "natural state"—that is, the much smaller versions that would have appeared on Mr. Dewitt's cellphone—the jury could not have reasonably determined that the individuals were minors, nor that Mr. Dewitt knew that they were minors given the decreased visual acuity of the actual images. After hearing argument on the motion, the Court reserved its ruling and the jury returned a verdict of guilty on all counts. The Court now decides the Rule 29 motion and respectfully denies it based on the reasons that follow.

Federal Rule of Criminal Procedure 29(a) governs motions for judgment of acquittal made after the government closes its evidence, or after the close of all evidence, but before submission to the jury. When a defendant moves for judgment of acquittal pursuant to Rule 29, the question a court must ask is whether evidence exists from which any rational trier of fact could find the "essential elements" of the crime beyond a reasonable doubt. *United States v. Hach*, 162 F.3d 937, 942 (7th Cir. 1998). The movant "faces a nearly insurmountable hurdle [because courts] consider the evidence in the light most favorable to the Government," and will grant the motion "only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt." *United States v. Blassingame*, 197 F.3d 271, 284 (7th Cir. 1999). Thus, a Rule 29 motion is granted only if the record is devoid of evidence from which a jury could find guilt. *United States v. Pulido*, 69 F.3d 192, 205–06 (7th Cir. 1995).

With respect to count 1, the indictment identified the relevant visual depictions as being two images that were distributed using the Kik application. During trial, the government explicitly indicated that the subject of count 1 concerned only the depictions labeled as government's Exhibits 8 and 9. Exhibit 8 consisted of a full body photograph of a nude female covering her vagina. The girl is slender, her face not clearly depicted because its covered by her cellphone, and the picture itself is blurry—it appears the girl took a picture of her reflection in a mirror. Exhibit 9 consisted of a video recording containing the entire body of a nude female masturbating while moaning "daddy, f*** me." The defense contends that the females depicted in these exhibits appear to be young adults and that, without expert testimony supporting their minor status, the jury could not rationally find that the depictions were of persons under the age of eighteen years old.

In the child pornography context, courts have particularly emphasized the importance of a case-by-case inquiry into "whether the age of a model in a child pornography prosecution can be determined by a lay jury without the assistance of expert testimony[.]" *United States v. Katz*, 178 F.3d 368, 373 (5th Cir. 1999); *United States v. Haymond*, 672 F.3d 948, 960 (10th Cir. 2012); *see also United States v. Gallo*, 846 F.2d 74, 1988 WL 46293, at *4 (4th Cir. 1988) (table) ("expert testimony as to age, while perhaps helpful in some cases, is certainly not required as a matter of course."); *United States v. Villard*, 700 F. Supp. 803, 814 (D.N.J. 1988), aff'd, 885 F.2d 117 (3d Cir. 1989) (noting that the government can prove the age of an individual in a photograph in a number of ways: "First, the individual himself, or someone who has knowledge of his age, can testify as to the individual's age at the time the photograph was taken. Second, an expert, such as a pediatrician, can analyze the photograph and give an expert opinion as to the age of the individual . . . Third, the jury can examine the photographs in question and determine for itself whether the individual is under eighteen years of age.") (internal citation omitted). In a case in which the images depict subjects who are clearly prepubescent, for example, expert testimony may not be necessary or helpful; a lay jury can observe for itself that those subjects are minors. *Katz*, 178 F.3d at 373. But in some child pornography cases, expert testimony may be not only helpful but necessary for the jury to determine whether the young persons depicted in the images are minors. *United States v. Riccardi*, 405 F.3d 852, 870 (10th Cir. 2005).

Ultimately, it has been determined that in some cases a fact-finder could determine the age of post-puberty models without any assistance from an expert. *United States v. Batchu*, 724 F.3d 1 (1st Cir. 2013) (holding that for purposes of sentencing, even though the individual shown in the videos was post-pubescent, it was not a case that required expert testimony); *Riccardi*, 405

F.3d at 870 (while four of the six photographs involved subjects close enough to the age of eighteen that a lay person could not reliably tell the difference without expert assistance, a layperson with any common experience in observing children would be able to determine whether or not the other two photographs involving depictions of post-pubescent males actually depicted minors). And while not directly on point, the Seventh Circuit has held that even in assessing the more technical subject of whether a sexually explicit image depicts a real or computer-generated child, expert evidence is not required. *United States v. Lacey*, 569 F.3d 319, 325 (7th Cir. 2009) ("Joining our sister circuits, we reject Lacey's argument that the government was required to present any expert evidence, much less testimony from those who created the pornographic images, to establish that the images depicted real as opposed to virtual children."); *see also United States v. Rodriguez–Pacheco*, 475 F.3d 434, 441–44 (1st Cir. 2007). The fact that experts are not required for that fairly technical determination suggests that the government would similarly not be required to provide an expert witness for an assessment frequently and routinely made in day-to-day experience. *See Batchu*, 724 F.3d at 8.

In Mr. Dewitt's case, the jury itself had reviewed the photograph and video and had the opportunity to personally assess whether Exhibits 8 and 9 depicted minors. The Court concludes from its review that the physical appearances alone of the young girls depicted in Exhibits 8 and 9 make clear that a jury would be able to determine based on routine experience that these undeveloped slender girls (with narrow shoulders and thin hips and thighs) were not as old as eighteen. And with respect to the young girl depicted in the video, for purposes of assessing her age the jury (and the Court) had the added benefit of watching her immature demeanor and hearing her child-like voice. Ultimately, the Court finds that a reasonable jury could find beyond

4

a reasonable doubt that the photograph and video depicted girls under the age of eighteen without the aid of expert testimony.

Having said that, the jury had more than just the photograph and video to consider for purposes of assessing whether the females were minors. *See, e.g., United States v. O'Malley*, 854 F.2d 1085, 1086, 1088 n.3 (8th Cir. 1988) (the district court for purposes of a bench trial was entitled to consider the Defendant's own descriptions written in his letters that each girl in each picture was young, along with the fact that the characteristics of each girl in the photos suggested young age). For instance, FBI Task Force Agent Timothy Palchak testified that he initiated an online chat looking for individuals who might be interested in trading child pornography or who might otherwise have a sexual interest in children. After initiating an online chat on November 26, 2017, Agent Palchak received a response from a target—later identified as Mr. Dewitt. On November 27 and 28, the agent and Mr. Dewitt engaged in chats via internet applications known as Whisper and Kik. During those chats,[1] Mr. Dewitt expressly stated that he had a sexual preference for minors that were older than toddlers and were in the "development age." Mr. Dewitt even called the agent a "lucky bastard" after the agent disclosed his daughter was starting to "bloom a bit." Upon the agent's disclosing similar interests, Mr. Dewitt offered to send him a video on Kik. Mr. Dewitt then sent Exhibit 9 to the agent via Kik. After the agent asked Mr. Dewitt whether he had more pictures to share, Mr. Dewitt sent the agent Exhibit 8. Throughout the chat, Mr. Dewitt repeatedly asked the agent to send him a video of the agent's nine-year-old daughter doing various sexually explicit acts. When the agent asked Mr. Dewitt to indicate which type of video he preferred, Mr. Dewitt responded that he wanted to see the agent's daughter "full nude fingering herself[.] I love moaning."—that is, conduct very similar to the actions portrayed

---

[1] Copies of the graphic chats were introduced as government's Exhibits 1 and 2.

by the girl in Exhibit 9. When later interviewed by law enforcement, Mr. Dewitt admitted to sending child pornography to others. Accordingly, based on the evidence introduced during the government's case in chief, any rational trier of fact could find without the aid of expert testimony that the visual depictions identified in the indictment in count 1, as knowingly distributed by Mr. Dewitt, constituted child pornography.

With respect to the Rule 29 motion on count 3, the defense's argument concerning the visual acuity of the cellphone images and the inability to discern the minor status of the individuals depicted[2] rests on the unsupported assumption that count 3 was limited to three photographs which were introduced as government's Exhibit 17. While it is true that count 3 charges Mr. Dewitt with possessing child pornography involving prepubescent minors, nothing in the indictment limited the government's proof to only those three images. Moreover, nothing the government said during trial limited the jury from considering the other visual depictions found on Mr. Dewitt's cellphone for purposes of convicting Mr. Dewitt on count 3. In fact, upon tendering government's Exhibits 8, 9, 16, and 17 as evidence, the government specifically commented that these exhibits were the subject of count 3.

Specifically, Senior Forensic Examiner Erin Gabor of the FBI testified that he conducted a forensic examination of Mr. Dewitt's cellphone. That examination revealed that Mr. Dewitt's cellphone contained the Kik chat between Agent Palchak and the defendant, along with the visual depictions identified as government's Exhibits 8, 9, 16, and 17. Mr. Gabor then explained how Exhibit 16 was a photograph taken with Mr. Dewitt's cellphone because the file path was from the phone's internal media storage.

---

[2] The relevancy of the argument concerns whether the jury could have reasonably determined that the individuals were minors and that Mr. Dewitt knew that they were minors.

Exhibit 16 depicted a little girl holding a man's penis—a photo which appeared to be taken by the nude man towering over the child. During the jury trial, Ms. Marie Runyan identified the victim portrayed in Exhibit 16 as her four-year-old daughter. Ms. Runyan also confirmed that the pajamas worn by the victim in the photo was her daughter's clothing, that the floor depicted in the photo was the flooring found in the bathroom of her house, and that the genitals depicted in the image were that of Mr. Dewitt's—Ms. Runyan's significant-other of eight years and father to the victim. Moreover, during Mr. Dewitt's online chat with Agent Palchak, Mr. Dewitt identified himself as a father of a four-year-old daughter, who Mr. Dewitt had let "stroke [his] cock." Mr. Dewitt later acknowledged (during his interview with law enforcement) to making this statement, even though he downplayed it as mere "trolling." Ultimately, the jury didn't need an expert's opinion to rationally conclude (upon their own examination of the depictions) that the victim portrayed in Exhibit 16 was a prepubescent child and that Mr. Dewitt knew the same since the victim was his daughter and he took the photograph.

Under these circumstances, the Court denies the Rule 29 motion on the grounds asserted and finds that a rational jury could convict Mr. Dewitt of the counts charged.

SO ORDERED.

ENTERED: November 14, 2018

      /s/ JON E. DEGUILIO
      Judge
      United States District Court